UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 7 - 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY G. WILLIAMS,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA. | )<br>)<br>)<br>)<br>) Cr. No. 91-0046 (TFH)<br>)<br>)<br>) |

### MEMORANDUM OPINION

Pending before the Court is Petitioner's Motion to Expunge Criminal Record. Upon careful consideration of the motion, and the entire record herein, the Court will deny Petitioner's motion.

On April 3, 1991, Petitioner was convicted by jury of Distribution of Cocaine Base, and Unlawful Possession with Intent to Distribute 5 or more grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), and was sentenced to 63 months imprisonment and four years of supervised release. He now asks the Court to expunge his criminal record so that he may obtain the security clearance required to maintain his current employment.

In support of his request for relief, Petitioner states that since his conviction and imprisonment in 1991, he has rehabilitated himself to become a responsible and productive citizen. After his release from prison, Petitioner was able to secure employment with a company that provides professional services to government and commercial customers. According to Petitioner, that company is now in negotiations to contract with the U.S. Department of Treasury, with the potential result that Petitioner and the company's other employees would become



government employees. Petitioner states that in order to maintain his position, he will need to obtain a certain level of security clearance. Without expungement of his criminal record, Petitioner asserts that his security clearance will be denied, and he will lose his job. Further, Petitioner fears that his criminal record will inhibit him from finding alternative employment with similar job security, competitive salary, and prospect for advancement. Petitioner's concerns about his employment are especially serious because he has a family to support.

The Court, while not unsympathetic to Petitioner's dilemma as represented by him, can find no basis for expunging his criminal record. The Petitioner has cited no statutory authority for expunging his conviction, and the Court is aware of none. See Doe v. Webster, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction.").

Further, while it is well settled that this Court has inherent, equitable expungement power, Petitioner has failed to make the showing required for the Court to exercise that power. See Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Webster, 606 F.2d at 1230. Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the "remedy is necessary and appropriate in order to preserve basic legal rights." Livingston, 759 F.2d at 78.

"The general rule . . . is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." Webster, 606 F.2d at 1231. "[R]elief usually is granted only in 'extreme circumstances,'" the

finding of which requires a "balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." United States v. Schnitzer, 567 F.2d 536, 539 (2nd Cir. 1977) (citations omitted). Here, Petitioner seeks not only to expunge the record of his arrest, but also to expunge the record of his subsequent conviction.

In the instant case, the Court must balance the harm to Petitioner against the government's interest in maintaining the criminal record. While the Court credits Petitioner's assertion that his criminal record will have a chilling effect on his employment opportunities, this harm is insufficient to outweigh the government's interests in maintaining the records because Petitioner has provided no evidence that he was not properly arrested and convicted of the offenses contained in his record. Because there are no unusual or exceptional circumstances alleged here, whether by way of governmental misconduct or otherwise, Plaintiff's case fails to meet the general test set forth in Livingston and Webster. See Webster, 606 F.2d at 1231.

Accordingly, the Court will deny Petitioner's Motion to Expunge Criminal Record [# 2]. An appropriate Order will accompany this Memorandum Opinion.

February 3, 2006

_____
Thomas F. Hogan
Chief Judge

Copies to:

AUSA Carolyn K. Kolben
United States Attorney's Office
555 Fourth Street, N.W., Room 10-441
Washington, D.C. 20530